UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

R<small>OBERT</small> C<small>ARLSON</small>, Personal
Representative of the Estate of Craig
Carlson,

   Plaintiff,

v.

S<small>COTT</small> F<small>EWINS</small>, et al.,

   Defendants,

_____/

Hon. Paul L. Maloney

Case No. 1:08-cv-0991-PLM

## **ORDER**

  Defendants filed a motion seeking to strike plaintiff's expert witness, Ernest Burwell, and in the alternative, to limit Mr. Burwell's trial testimony. (ECF No. 355). In the same motion, defendants ask the Court to compel Mr. Burwell to produce "his employment file with the Los Angeles County Sheriff's Department." (ECF No. 355, PageID.5676-77). Defendants' motion violates a number of the Court's local rules.

  First, with respect to the motion to compel production of Mr. Burwell's employment file, defendants fail to cite to any federal rule of civil procedure, any local rule, or any other authority to support the relief they seek. *See* W.D. M<small>ICH</small>. LC<small>IV</small>R 7.1(a). In addition, defendants' motion fails to "set forth verbatim, or have attached, the relevant discovery request and answer or objection," W.D. M<small>ICH</small>. LC<small>IV</small>R 7.1(b), relating to their efforts to obtain these documents in discovery.

To the extent defendants provide information regarding their efforts to obtain the documents in question, that information indicates that defendants' counsel made an informal request and was advised to make a formal discovery request:

> MR. COOKE:	Do you have any objection to me obtaining a copy of the employment file?
>
> MR. PARSONS:	Yeah, it's irrelevant. You can go through procedures.
>
> MR. COOKE:	It's irrelevant?
>
> MR. PARSONS:	Yeah. Go through – he's not going to give it to you. Everything comes from me, so make the request to me and then let me talk to him.
>
> MR. COOKE:	All right.

(Burwell Dep. at 194, ECF No. 355-3, PageID.5896).[1]  Defendants offer nothing to suggest that they followed up with their counsel's agreement to make a formal discovery request for the employment file. Accordingly, defendants' motion to compel production of Mr. Burwell's employment file will be dismissed without prejudice.

---

[1] In the title of the motion, defendants indicate that they are also seeking to compel production of some unspecified "subpoenaed" documents (ECF No. 355, PageID.5657), but they not only fail to provide a copy of the subpoena, they fail to address this issue in their brief. Accordingly, this issue would be deemed waived, had the Court considered the motion. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

Second, defendants' motion to strike Mr. Burwell as an expert witness greatly exceeds the ten-page limit for non-dispositive motions. *See* W.D. MICH. LCIVR 7.3(b). They did so without seeking leave of Court. Defendants' belated motion to exceed the page limit (ECF No. 358) fails to establish good cause for a 21-page brief. Accordingly,

**IT IS ORDERED** that defendants' motion to strike plaintiff's expert and to compel production of Mr. Burwell's employment file (ECF No. 355) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that defendants' motion to exceed the page limitation (ECF No. 358) is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion (ECF No. 357) to strike defendants' motion regarding Mr. Burwell (ECF No. 355), and plaintiff's motion (ECF No. 361) to extend time and the page limitation for responding to defendants' motion are **DISMISSED** as moot.

**IT IS SO ORDERED**.

Date: October 13, 2017

/s/Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge