UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CARLSON, Personal
Representative of the Estate of Craig Carlson,

        Case No. 1:08-cv-991

    Plaintiff,

v.        HONORABLE PAUL L. MALONEY

SCOTT FEWINS, et al.,

    Defendant.
_____/

**AMENDED CASE MANAGEMENT ORDER**

**IT IS HEREBY ORDERED:**

| Trial Date and Time | AUGUST 7, 2018 |
| --- | --- |
| | 8:45 a.m. |
| Before:   Judge Paul L. Maloney | 174 Federal Building |
| | 410 W. Michigan Ave. |
| | Kalamazoo, Michigan |
| Jury or Non Jury | Jury |
| Estimated Length of Trial | 9 days |
| Settlement Conference | None at this time |
| Final Pretrial Conference                        Date: | JULY 23, 2018 |
| Before Judge Paul L. Maloney                Time: | 9:00 a.m. |
| ADR To Take Place On Or Before: | APRIL 30, 2018 |

1.    TRIAL DATE AND SETTING: This case is scheduled for trial before the Honorable Paul L. Maloney, 174 Federal Building, 410 W. Michigan Ave., Kalamazoo, Michigan, as set forth above.

2.    MOTIONS:

    a.    Non-dispositive motions shall be filed in accordance with W.D. Mich. LcivR. 7.3. They will be referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). In accordance with 28 U.S.C. § 471, et seq., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

      b.      The deadline to file dispositive motions has passed.

      c.      The parties are strongly encouraged to file motions in limine at least fourteen (14) calendar days prior to the final pretrial conference, but in no event shall they be filed later than the date for the submission of the proposed Final Pretrial Order.

3. ALTERNATIVE DISPUTE RESOLUTION: In the interest of facilitating prompt resolution of this case, and the parties having voluntarily selected facilitative mediation, this matter shall be submitted to facilitative mediation. The parties have fourteen (14) days from the date of this Order to jointly choose one mediator from the list of court certified mediators.[1] Plaintiff is responsible for e-filing notification of the name of the selected mediator. If the parties are unable to jointly select a mediator, they must notify the ADR Administrator[2], who will select a mediator for them. Once the mediator is selected, a Notice will issue regarding the method and schedule for the mediation conference.

4. SETTLEMENT CONFERENCE: The parties are under an ongoing obligation to engage in good faith settlement negotiations. No settlement conference has been scheduled at this time.

5. FINAL PRETRIAL CONFERENCE: A final pretrial conference is scheduled at the date and time set forth above.

6. PREPARATION OF PROPOSED FINAL PRETRIAL ORDER: A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed **seven (7) days** prior to the final pretrial conference in the following form:

    A final pretrial conference was held on the ___ day of _____. Appearing for the parties as counsel were:

    (List the counsel who will attend the pretrial conference.)

    1.    Exhibits: The following exhibits will be offered by the plaintiff and the defendant:

    (List separately for each party all exhibits, including demonstrative evidence and summaries of other evidence, by name and number. Plaintiff shall use numbers; defendant shall use letters. Indicate with respect to each exhibit whether and for what reason its admissibility is challenged. Exhibits expected to be used solely for impeachment purposes need not be numbered or listed until identified at trial. Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402

---

[1] Www.miwd.uscourts.gov

[2] ADR Administrator, U.S. District Court, 399 Federal Building, 110 Michigan St., NW, Grand Rapids, MI 49503; 616/456-2381; adr@miwd.uscourts.gov

   or 403, shall be deemed waived except for good cause shown.  See Fed. R. Civ. P. 26(a)(3)(B).)

2. Uncontroverted Facts: The parties have agreed that the following may be accepted as established facts:

   (State in detail all uncontroverted facts.)

3. Controverted Facts and Unresolved Issues:   The factual issues remaining to be determined and issues of law for the Court's determination are:

   (Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4. Witnesses:

   A. Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

   (List names, addresses, and telephone numbers of all non-experts who will testify.  Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript.  Indicate all objections to the anticipated testimony of each non-expert witness.  For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

   B. Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

   (List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts.  Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript.  Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

   It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects.  Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5. Depositions and Other Discovery Documents:

        All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

        (Designate portions of depositions by page and line number. Designate answers to interrogatories and requests for admissions by answer or request number. Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party. Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6. <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days, allocated as follows: _____ days for plaintiff's case; _____ days for defendant's case; _____ days for other parties.

7. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

        (Indicate progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance, and upon approval by the Court, with such additions as are necessary, will be signed by the Court as an order reflecting the final pretrial conference.

7. <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>: At the final pretrial conference, the parties and the Court will formulate a plan for trial, including a program for facilitating the admission of evidence, consider the prospects of settlement, and consider such other matters as may aid in the trial or other disposition of the action. Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and shall be accompanied by a representative of the party with full settlement authority.

8. <u>PREPARATION FOR TRIAL</u>:

    a. Each party shall file the following not later than **two (2) business days** following the final pretrial conference:

        i. Proposed voir dire questions. The Court will ask basic voir dire questions. Counsel for the parties will be permitted to question prospective jurors. Questioning by counsel shall not be repetitive of questions asked by the Court or of questions asked in the juror questionnaire.

        ii. Trial briefs.

    b. The parties shall <u>jointly</u> file the following not later than **two (2) business days** following the final pretrial conference:

        i. Proposed jury instructions. This Court uses Western District of Michigan's Standardized Jury Instructions for the preliminary and final instructions. A copy

of these instructions is available on the Court's website (www.miwd.uscourts.gov).³ The court generally uses O'Malley, Grenig & Lee's *Federal Jury Practice and Instructions* for those not covered in the standard set. All instructions, including those to which there is an objection, shall be filed as one document. Each instruction shall be submitted in full text, one instruction per page, and in the order to be read to the jury. Indicate those instructions with outstanding objections. No instruction submitted shall contain highlighting or blanks. If the language of a standardized instruction is modified, or an additional (non-standard) instruction submitted, the source of the additional language or instruction must be indicated. Objections to opposing counsel's proposed instructions, will be specified with a summary of the reasons for each objection including a citation to relevant legal authority.

The parties are required to submit a copy of the joint statement of case and statement of the elements, joint proposed jury instructions, and joint proposed verdict form(s) in WordPerfect or Word format to Judge Maloney's Judicial Assistant, Christina Cavazos at Christina_Cavazos@miwd.uscourts.gov and Case Manager, Amy Redmond at Amy_Redmond@miwd.uscourts.gov.

      Ii.    A joint statement of the case and statement of the elements that must be proven by each party. If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative statements shall be filed. The statement(s) of the case will be read to the prospective jurors during jury selection. The elements that must be proven by each party will be included in the preliminary jury instructions.

Dated:  December 7, 2017                    /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge

---

³ The instructions can be located through the Attorney Information link or through the Electronic Filing section. If accessing through the Electronic Filing section, you will need to use your E-Filing Login and Password. Once you have logged into the electronic filing section of the website, click Utilities, then select WDMI Attorney References and you will see the link to the Standard Civil Jury Instructions.