**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN,**
**SOUTHERN DIVISION**

Robert Carlson, Personal Representative
of the Estate of Craig Carlson,

        Plaintiff,

v                                File No. 1:08-CV-991
                                Hon. Paul L. Maloney

SHERIFF SCOTT FEWINS,
and GRAND TRAVERSE COUNTY;

        Defendants.
---------------------------------------------------------------

| | |
|---|---|
| Grant W. Parsons    (P38214) | Christopher K. Cooke (P35034) |
| Parsons Law Firm, PLC | Neumann Law Group |
| Attorney for Plaintiff | Attys for Defs Fewins, County |
| 520 South Union Street | 300 Front Street, Ste. 460 |
| Traverse City, MI 49685-1710 | Traverse City, MI  49684 |
| (231) 929-3113 | (231) 221-0052 |

---------------------------------------------------------------

**FINAL PRE-TRIAL ORDER**

      A final pre-trial conference was held on <u>July 23, 2018,</u> in Kalamazoo, Michigan.
Appearing for the parties were:

Grant W. Parsons, Attorney for Plaintiff
Christopher Cooke, Attorney for Defs Fewins, County

      1.    **Exhibits:**  The following exhibits will be offered by Plaintiff and Defendants:

**Plaintiff's Proposed Exhibits:** [use numbers]

| NO | DEP EXHIBIT NO | DESCRIPTION OF EXHIBIT |
|---|---|---|
| 1 | | Affidavit of Michael Walton |
| 2 | | Carlson Munson Discharge Summary 08/20/07 |
| 3 | | Deleted |
| 4 | | Welfare Check Report 11/04/07 by Hamilton |
| 5 | | Central Dispatch Transcript and Audio of Incident |
| 6 | | Detail Call for Service Reports |
| 7 | | Jason Hamilton Dep Exh 1 (Prior incident report and bulletin) |
| 8 | | Deleted |
| 9 | | Fewins Answer to Complaint |
| 10 | | Drzewiecki Answer to Complaint |
| 11 | | Fewins Policy – Barricaded Subject/Hostage Takers |
| 12 | | House Damage Photos |
| 13 | | MCOLES Warrant Standards |
| 14 | | NMMMTF Warrant Standards |
| 15 | | Sun/Moon Data for 11/01/07 |
| 16a-16zz | | Sgt. Harris, Michigan State Police Investigation Reports and Supplements of Incident 071-0002979-(DB), Photos and Interviews, Diagrams, Drawings |
| 17 | | Jackie Smith 9-1-1 calls transcript/audio |
| 18a, b, c | | Craig Carlson 9-1-1 calls transcript/audio |
| 19 | | Robert Carlson 9-1-1 calls transcript/audio |
| 20 | | Ernest Burwell's CV and Report |
| 21 | | Ann Chamberlain Expert Report, Photos and Diagrams |
| 22 | | Dr. Daniel McCoy Expert Report |
| 23 | | Dr. Gerald Shiener Expert Report |
| 24 | | N. MI Mutual Aid Reciprocal Law Enf Agreement |
| 25 | | Use of Force Policy |
| 26 | | Drzewiecki Interview from MSP Report |
| 27 | | After Action Report by Sgt. Drzewiecki/ Time Line |
| 28 | | Critical Incident Report Policy |
| 29 | | High Risk Warrant Policy of GTSD |
| 30 | | Deleted |
| 31 | | McAuliff Scene Diagram |
| 32 | | Hillborn Scene Diagram |
| 33 | | Sgt Ayling Incident Notes/Time Line |
| 34 | | Carlson House Repair Bills |
| 35 | | Def Fewins Resp to Disc dated 01/02/09 |
| 36 | | All MSP Photos of Interior of Home (delete death photographs) |
| 37 | | Deleted |
| 38 | | Gary Vann, ACSW, letter dated 11/15/07 |

| 39 | | Family Photos of Decedent Produced at Deposition |
|----|---|---|
| 40 | | Poster Dep Exh 1 – Drzwiecki |
| 41 | | Travis Chellis Diagrams |
| 42 | | Toxicology Reports Munson |
| 43 | | FOIA Response to Plaintiff 05/02/08 from TCPD |
| 44 | | Deleted |
| 45 | | 05/02/08 FOIA response from Capt Stephen Morgan |
| 46 | | June 28, 2006 Mutual Aid Rec Law Enf Agreement |
| 47 | | Harold Barr Dep. Exh 1 |
| 48 | | Drzewiecki Dep Exh 2 (Daily Activity Report) |
| 49 | | Drzewiecki Dep Exh 3 (Daily Activity Report) |
| 50 | | Drzewiecki Dep Exh 4 (After Action Report) |
| 51 | | Drzewiecki Dep (Second) Exh 2 (After Action Report) |
| 52 | | Drzewiecki Dep (Second) Exh 3 (11/10/07 Statement) |
| 53 | | Drzewiecki Exh 5 (Notes) |
| 54 | | Fewins Dep (2/25/09) Exh 2 (Mutual Agreement) |
| 55 | | Fewins Dep (2/25/09) Exh 3 (ERT Policies) |
| 56 | | Fewins Dep (12/15/09) Exh 1 (Detail Call for Service) |
| 57 | | Fewins Dep (12/15/09) Exh 4 (Sheriff Dept. Policies for ERT) |
| 58 | | Deleted |
| 59 | | Deleted |
| 60 | | Fewins Dep (12/15/09) Exh 7 (ERT Team policy) |
| 61 | | Fewins Dep (12/15/09) Exh 8 (ERT Barricaded Subject policy) |
| 62 | | Fewins Dep (12/15/09) Exh 9 (Use and Assignment of the ERT policy) |
| 63 | | Jason Hamilton Dep Exh 3 |
| 64 | | Jason Hamilton Dep Exh 4 |
| 65 | | Deleted |
| 66 | | Deleted |
| 67 | | Deleted |
| 68 | | Hillborn Dep Exh 1 |
| 69 | | Hillborn Exh 7 (Photo of MSP) |
| 70 | | Deputy Sillers Dep Exh 1 (Incident Report) |
| 71 | | Chief Michael Warren, TCPD Dep Exh 3 (ERT Agreement) |
| 72 | | Undersheriff Alger Dep Exh 1 (Incident reports) |
| 73 | | Undersheriff Alger Dep Exh 4 (911 call transcripts) |
| 74 | | Undersheriff Alger Dep Exh 7 |
| 75 | | Undersheriff Alger Dep Exh 14 |

**Objections to Plaintiff's Exhibits by Defendant Grand Traverse County**

1. Not relevant to any material issue in the case
2. "        ""
3. No idea what this means
4. Not relevant
5. No objection provided it was the recording entered in the first case
6. I don't know what this is.
7. Not relevant.
8. n/a
9. Not relevant, Grand Traverse County is the only remaining defendant
10. Not relevant.
11. Fewins is not a defendant.  Grand Traverse Sheriff Department policy would be relevant and admissible.
12. I would need to see these but likely not objectionable.
13. Unknown what this is referring to
14. Unknown what this is referring to
15. Not relevant
16. Hearsay, not relevant
17. No objection if it was the recording admitted at the first trial
18. Same as 17
19. Same as 17
20. Hearsay
21. Not relevant, if discussed Defendant will move for a mistrial.
22. Hearsay, Not relevant
23. Hearsay, not relevant
24. Not Relevant
25.  Not relevant and if discussed Defendant will move for a mistrial.
26. Hearsay
27. Hearsay
28. Hearsay
29. Hearsay, Relevance
30. N/A
31. Not relevant, more prejudicial than probative
32. Same as 31, any diagram depicting the shooting incident is outside the scope of this trial
33. Hearsay
34. Hearsay
35. Grand Traverse County is the only defendant.  Some answers may be relevant if proper foundation laid
36.  Not relevant.  Outside the scope of this trial.  More prejudicial than probative.  Any photos that show the decedent will cause Defendant to move for a mistrial.
37. N/A
38. Hearsay, relevance.
39. Hearsay, not relevant, outside the scope of this trial.
40. Unknown what this is referring to.
41. Same as 36.

42. Same as 36.

43. Not relevant or material.  Outside the scope of this trial.

44. N/A

45. Not relevant or material.

46. Nor relevant or material

47.  Hearsay, relevance

48.  Hearsay

49. Hearsay

50. Hearsay, if admitted likely needs to be redacted to purge any reference to the shooting

51. Unknown what is referred to here.

52. Hearsay

53. Hearsay

54. Not relevant

55. Uncertain what is referred to here.  Only the barricaded gunman/standoff policy would be relevant.

56. Hearsay, relevance

57. Hearsay, All ERT policies are not relevant.  If Plaintiff specifies the relevant policies for which he seeks admission, defendant may stipulate.

58. N/A

59. N/A

60.  Hearsay.

61. Stipulated if it is the same policy sought by Defendant for admission.

62. Hearsay, not relevant.

63.  Hearsay, not relevant

64. Hearsay, not relevant

65. N/A

66. N/A.

67. N/A

68. Same as 66.

69. Unknown what is referred to here.

70. Hearsay

71. Hearsay, not relevant

72. Hearsay, relevance.

73. If they are transcripts of the calls made that were exhibits in the previous trial and stop at the time the throw phone was put in the Carlson residence.  No objection.

74. Hearsay

75. Hearsay

**Defendants County, Proposed Exhibits: [use letters]**

| EXHIBIT | *DESCRIPTION OF EXHIBIT* |
|---------|--------------------------|
| A | 5 Overhead Google Maps of Carlson residence |
| B | 21 photographs of Carlson residence from MSP Photographs |
| C | 911 Recording, Jackie Smith calls |
| D | 911Recording, Robert Carlson calls |
| E | 911 Recording, Craig Carlson calls |
| F | Bushmaster Assault Rifle |
| G | Tech 9 weapon |
| H | Pistol in rear pocket |
| I | Second pistol in rear pocket |
| J | Taped together ammunition banana clips |
| K | Prepaid funeral documents from Reynolds-Jonkhoff Funeral Home |
| L | Note by Craig Carlson identifying Jackie Smith as contact person to handle post death issues |
| M | Handwritten note by Craig Carlson bequeathing property to family members (Bates nos 0020, 0021) |
| N | Note containing combination to safe |
| O | Spent casings from tear gas application |
| P | Select documents from Ernest Burwell Employment File |
| Q | Critical Incident Response Policy, Grand Traverse County Sheriff's Office, June 20, 2002 |
| R | Northern Michigan Mutual Aid "Barricaded Subject/Hostage Takers Policy" |

**Plaintiff objects to the following Exhibits listed by Defendants:**

| EXH | OBJECTION |
|---|---|
| K | Notes of Craig Carlson may have been written after the final tear gas and throw phone; irrelevant if Defendant's motion in limine to exclude all evidence after the tear gas and throw phone is granted |
| L | Notes of Craig Carlson may have been written after the final tear gas and throw phone; irrelevant if Defendant's motion in limine to exclude all evidence after the tear gas and throw phone is granted |
| M | Notes of Craig Carlson may have been written after the final tear gas and throw phone; irrelevant if Defendant's motion in limine to exclude all evidence after the tear gas and throw phone is granted |
| P | Based on counsel's concurrence, only the "Exhibit A & B", which are pages 1-136 and 137-271 are admissible; any other pages have been excluded by stipulation of counsel (Defense Counsel has not stipulated to page numbers within Groupings A and B and this is now a motion before the Court). |

      2.    **Uncontroverted Facts:**  The parties have agreed that the following may be accepted as established facts:

On the evening of November 9. 2007, at approximately 8:30 pm, Crag Carlson (DOB 08/26/28) called 911 Central Dispatch.  His sister also called 911 Central Dispatch. His brother Robert also called 9-1-1 central dispatch.

The SWAT incident lasted approximately 12 hours after the first officers entered Carlson's property

No warrant was requested during the incident.

      3.    **Controverted Facts and Unresolved Issues For Defendant County:**

**For Plaintiff:**

Plaintiff sought and deserved mental health assistance.

Plaintiff had a 2nd Amendment right to carry arms and ammunition in his home.

Plaintiff had a 4th Amendment right to be free from warrantless search and entry and seizure during the incident.

There was no exigent circumstance from November 9, 2007 until 9:20 a.m. on November 10, 2007.

Carlson did not aim his gun at any officer during the incident.

Sheriff Fewins was in command of the incident.

Sheriff Fewins had a warrant policy that was Grand Traverse County's official policy.

Sheriff Fewins' policy was not to use warrants for Carlson-type incidents.

Pursuant to Fewins' policy, the SWAT team entered Carlson's home with 24 rounds of tear gas and threw a surveillance phone into Carlson's living room, none of which was authorized by warrant.

Craig Carlson's house suffered damage from tear gas, including: all windows were broken out, all doors were damaged, numerous pieces of siding were damaged, interior walls and fixtures and furniture were damaged, the interior carpeting and cabinetry were damaged both by tear gas projectiles and gas fumes.

Toxicology reports indicate Mr. Carlson had an elevated BAC and an elevated dose of prescription drugs.

Forensic analysis established Carlson's weapons were on "safe" and his finger was not on a trigger, and he was inside his home.

Four family members of Craig Carlson were at the scene: Father Jack, Mother Joanne, and brother Robert.

The Plaintiff's rights under the 2nd Amendment of the US Constitution were violated in the incident.

The Plaintiff's rights under the 4th Amendment of the US Constitution were violated in the incident.

During the 11 hours-long incident, while alive, Craig Carlson was psychologically injured by the warrantless entry and search and seizure by the SWAT team and their various warrantless tactics, which produced psychological trauma.

During the incident, Carlson expressed outrage that his home and curtilage had been damaged, and stated to officers, "I am going to sue you for what you did to my house."

Grand Traverse County personnel erased or lost evidence of the calls and comments during the incident.

At approximately 8:30 pm on November 9 Carlson fired one gunshot in his backyard, not aimed at any person.  Carlson did not fire another shot during the incident.

8

Approximately 60 Northern Michigan Mutual Aid Task Force (SWAT) officers from various jurisdictions surrounded the Carlson residence, entered his curtilage property, installed klieg lights, slashed his car tires in his driveway, cut power to the house, cut heat to the house, cut phone communications to the house.

The SWAT force was under the command of Grand Traverse County Sheriff Scott Fewins.

Sheriff Fewins' policy regarding the use or non-use of warrants was Grand Traverse County's official policy, by operation of law.

Craig Carlson's picture window was broken by a throw phone.

**For Defendant County:**

Did the original exigency that allowed police officers to surround Craig Carlson's home diminish to such a degree that a warrant needed to be sought from a magistrate before two rounds of tear gas were employed at 5:30 and 6:30 am and a throw phone placed in the house at 7:30 am?

If so,

Did the County have an unconstitutional policy or practice of never obtaining warrants before the use of tear gas or a throw phone in a barricaded gunman situation where the exigency had diminished to such an extent that a warrant needed to be sought from a magistrate?

If so,

Was the County policy or practice the moving force behind the Constitutional violation?

If so,

What are the damages to the Plaintiff that were proximately caused by the violation?

    4.   **Witnesses:**

        a.    **Non-expert witnesses** to be called by Plaintiff and Defendants, except those who may be called for impeachment purposes only, are:

For Plaintiff: (Plaintiff intends to call the following witnesses to appear in person.) *Specify by person, video or by reading dep trans.*

Anderson, Jamal (Central Dispatch record), c/o Grand Traverse County,
      Traverse City MI (in person)

Alger, Nate (Undersheriff), c/o Grand Traverse County Sheriff's Department,
      Traverse City MI (in person)

Sgt. Ayling, Grant Traverse County Sheriff

Barr, Harold, 769 Windmill Lane, Traverse City

Bensley, Thomas, Grand Traverse Count Sheriff (former Grand Traverse County Deputy Sheriff)

Donnelly, Brian, Kalkaska County Pros. Atty, Kalkaska, MI

Wakefield, Kirk, 200 West Michigan Ave, Grayling MI  49738.  Sheriff of Crawford County.

Chellis, Travis, c/o, Antrim County Sheriff's Dept.

Peroskey, Thomas, c/o Traverse City Police Dept, Traverse City MI

Drzewiecki, Steve, c/o defense counsel Olsen

Harris, Mark (MSP), c/o MI State Police, Traverse City Post.

Smith, Jackie, 3303 N. Washington, Kokomos, Indiana 46901, 765-434-9301

Carlson, Robt., Plaintiff, c/o of counsel for Plaintiff

Carlson, Jack (Father of decedent)

Carlson, Joanne, 2010 W. Merkey Rd., Manistee, MI  49660

Fewins, Scott, c/o defense counsel Cooke

Sillers, Robert, c/o defense counsel Cooke

Hamilton, Jason, c/o defense counsel Cooke

Slikkers MD, Steven (Munson 8/22/07 discharge record), Munson Medical
        Center, Traverse City MI

Soffredine, Joseph, Grand Traverse County Sheriff Deputy

Will MD, Joseph, Munson 8/20/07 discharge record

Vann, Gary (Plaintiff's treating psychologist) 3491 Hartman Rd., Traverse City
        MI  49684 231 947-2990

**Defendants object to the following witnesses listed by the Plaintiff:**

Objection. Thomas Bensley was never listed as a witness and was not in the law enforcement field let alone working for one of the involved entities at the time of the incident.

Objection.  Brian Donnelly is the deceased, former Prosecuting Attorney of Kalkaska County who was called upon to review whether or not Charlie Jetter used excessive force.  His deposition did not deal with the search warrant questions currently before the Court.

Steven Slikkers would not have relevant testimony as he was a treating physician for Mr. Carlson prior to the incident.  He was not involved to any degree at the scene.

Joseph Will was a treating physician of Craig Carlson prior to this incident, was not at the scene and would not have any relevant evidence to the issues on trial.

Gary Vann is objectionable for the same reason as Drs. Slikkers and Will.  They were treating physicians of Mr. Carlson prior to the incident, were not at the scene and would have no relevant evidence.

**For Defendants Fewins, County:**

A.  Justin Revnell, c/o Defense counsel, will be called.

B.  Marty McManus, c/o Defense counsel, will be called.

C.  Mike Opper, (by reading his testimony from the first trial, Mr. Opper is now a teacher in China), will be called.

D.  Bob Sillers, (live or by reading his testimony from the first trial) c/o Defense counsel.

E.  Scott Fewins, c/o defense counsel, will be called.

H.  Steve Drzewiecki, c/o Gretchen Olsen, Plunkett Cooney, will be called.

I.  Greg McManemy, Grand Traverse County Sheriff's Department, will be called.

J.  Michael Ayling c/o defense counsel, will be called.

K.  Al Schneider, Williamsburg, MI, may be called.

L.  Nate Alger, Grand Traverse County, may be called.

M.  Joseph Dupuie, Kalkaska County Sheriff's Department, 605 N. Birch Street, Kalkaska, MI 49646, may be called.

N.  Pat Andressen, 911 dispatcher, Grand Traverse County, c/o Defense counsel, will be called.

O.  Jim Danek, Grand Traverse County, c/o Defense counsel, will be called

P.  Randy Fewless, Grand Traverse County, c/o defense counsel, may be called.

Q.  Mark Harris, Michigan State Police, Traverse City, MI, may be called.

**Note, all these witnesses testified in the first trial, other than witnesses K. and L. and reference it made to that record as to their expected testimony. Witness K, Al Schneider may testify as to his recollection of discussions he had with Sheriff Fewins on the night of the incident. Witness L may testify regarding his duties and observations at the scene and discussions overheard between Al Schneider and Sheriff Fewins.**

**Plaintiff objects to the following witness listed by Defendants:**

OBJECTION IS MADE AS TO AL SCHNEIDER.  HE HAS NOT BEEN DEPOSED OR DISCLOSED. PERSUMABLY HEARSAY.


            b.      **Expert witnesses** to be called by the Plaintiffs and Defendants, except those who may be called for impeachment purposes only, are:

**For Plaintiff:**

            Chamberlain, Anne, PO Box 27122, Lansing MI
            (517) 881-5900
            Crime scene analysis (blood, measurements, diagrams,
            Photos, weapons) (See report)

            McCoy, Daniel, 363 Bolin Ct., Carmel, Indiana
            317-243-3894
            Toxicology (See report)

            Ernest Burwell (address same as in deposition)
            Police custom and practice (See report)

            Shiener, Dr. Gerald, 251 E. Merrill, Birmingham, MI,
            248-645-5155
            Forensic psychiatry and police briefing (See report)

**OBJECTION IS MADE TO THE FOLLOWING EXPERT WITNESSES OF THE PLAINTIFF AS THEY HAVE NOT RELEVANT OR MATERIAL TESTIMONY FOR THE ISSUES IN THIS TRIAL.**

**ANN CHAMBERLAIN (blood spatter)**

**DANIEL MCCOY (claims by Plaintiff of spoliation of evidence were resolved at the first trial, toxicology is not relevant because at the time tear gas and the throw phone were used, the blood alcohol levels of Mr. Carlson were unknown)**

**OBJECTIONS TO ERNEST BURWELL HAVE BEEN RULED ON BY THE COURT.**

**For Defendants Fewins, County**

Expert Witnesses

A.      Darrell Ross
        Vadolsta State University
        5065 Planters Crossing
        Hahira, GA 31632

                Mr. Ross will testify consistent with his deposition of April 10, 2010 and his report dated March 22, 2010 that exigent circumstances excused any warrant requirement prior to the use of tear gas or the throw phone as well as related issues.

B.      Daniel Grant
                Mr. Grant will testify consistent with his report of March 15, 2010 and his deposition of April 22, 2010 that search warrants are not required when proper police tactics are used to attempt to resolve a barricaded gunman situation peaceably as well as related issues.

        5.      **Depositions and Other Discovery Documents:**

        All depositions, answers to written interrogatories, requests for admissions, or portions thereof, that are expected to be offered in evidence by the Plaintiff and the Defendants are:

**For Plaintiff:**

Deposition Excerpts:

Jason Hamilton Dep excerpts Pgs 16 – 19, passim
Robert Sillers Dep excerpts, Pgs 21, 25, 26, 46-49, passim
Scott Fewins 12/15/09 Dep excerpts, pgs 42, 44, 54, 55, 57, 59, 61, 69, 79, 80, 82, 83, 89, 92, 103, 114, 152, 155, 156, 158, 159, passim
Scott Fewins 02/2/09 Dep excerpts Pgs 8, 9, 31, 42, 44, 45, 46, 47, passim
Steve Drzewiecki 02/25/09 Dep excerpts Pgs 16, 40, 41, 52, 58, 59, passim
Travis Chellis Dep 11/29/09 excerpts pgs 34 – 41, 54, 58, 60-61, 66, 69, 73-77, 104-105, passim
McAuliff Dep excerpts pgs 64, 72, 74, 82-83, passim
Steve Drzewiecki Dep 12/11/09 excerpts, Pgs 122-125, 134-136, 140, 146-148, 153, 158, 160-163, passim
Robert Sillers Deposition excerpts Pgs 58-60, passim
Kirk Wakefield Dep excerpts Pgs 34-37, 122-125. Passim
Harold Barr Dep excerpts Pgs 23, passim
Expert Daniel Grant Dep excerpts Pgs 877-88, passim
Mark Harris Dep excerpts Pgs 6-13, 18-21, 26-29, 42-46, 51-52, 59, 87-89, 91-92,  104-105, 128, passim
Robert Carlson excerpts Pgs 78-81; 94, 96, 98-100, 138-141, 153-154, 210-213, passim
Donald Schneider Dep excerpts Pg 14

ALSO:

Def. Grand Traverse County et al. Answer to Complaint
Def. Drzeweicki Answer to Complaint

Def. GT County Answers to Interrogatories and Requests to produce dated 01/02/09; 01/09/09; 10/14/09; 11/04/09; 03/11/10; 03/23/10; 03/29/10; 04/08/10; 02/19/10

Def. Drzewiecki Answers to Interrogatories and Requests to Produce dated 05/11/09; 11/04/09; 03/11/10; 03/23/10; 03/29/10; 04/08/10; 02/19/10

Def Drzewiecki's Resp to Pl's RA Filed 04/28/10
Def Fewins Response to Pl's RA (dated 03/39/) Filed 04/27/10

**OBJECTION IS MADE TO THE USE OF DEPOSITION TRANSCRIPTS IN LIEU OF LIVE TESTIMONY UNLESS THE REQUISITE FOUNDATIN IS LAID.**

**OBJECTION IS MADE TO THE WHOLESALE USE OF PLEADINGS AS TESTIMENTARY EXHIBITS UNLESS THE REQUISITE FOUNDATION IS LAID.**

**For Defendants Fewins, County:**

Discovery depositions as necessary for refreshment or impeachment as allowed by the Federal Rule of Evidence.

The trial testimony of Mark Opper from ECF 300, Page ID 4699-4714 as Mr. Opper is currently out of the country teaching in China and not subject to the service of process.


6.      **Length of Trial:**

**Plaintiff:**

Counsel estimate the trial will last approximately <u>12</u>  full days total, allocated as follows:  8 days for Plaintiff's case; <u>3</u> days for Defendants Fewins, County case.


**Defendant Grand Traverse County, Scott Fewins:**

Defense Counsel estimates the trial will last 5 to 6 days.


7.      **Prospects of Settlement:**

Settlement discussions have not been foreclosed.

Plaintiff has made a settlement offer of [Court's discretion to inquire as to the amount] that has never been acknowledged or responded to in writing.


 Date:  July 24, 2018                              /s/  Paul L. Maloney
                                                  _____
                                                  Paul L. Maloney
                                                  United States District Judge



**APPROVED AS TO FORM:**

   /s/ Grant W. Parsons                 /s/ Christopher Cooke
Grant W. Parsons (P38214)            Christopher Cooke (P35034)
Attorney for Plaintiff               Attorney for Defs Fewins, County,

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT CARLSON, Personal Representative
Of the Estate of Craig Carlson,

        Plaintiff,

v                                  File No. 1:08-CV-991
                                  Hon. Paul L. Maloney

SHERIFF SCOTT FEWINS, individually and
Officially, and GRAND TRAVERSE COUNTY;

        Defendants.
_____

Grant W. Parsons    (P38214)          Christopher K. Cooke (P35034)
Kathryn M. Walker    (P75075)          Neumann Law Group
Attorneys for Plaintiff                 Attorney for Defendants
520 S Union, PO Box 1710           300 Front Street, Suite 460
Traverse City MI  49685-1710       Traverse City, MI 49684
(231) 929-3113                      (231) 221-0052

_____

**PLAINTIFF'S SUPPLEMENTAL EXHIBIT LIST**

NOW COMES PLAINTIFF, and per this Court's Amended Scheduling Order, supplements his

exhibits as follows:  **(Addition in Bold)**

|  | DEP EXHIBIT NO | DESCRIPTION OF EXHIBIT |
|---|---|---|
| 1 | | Affidavit of Michael Walton |
| 2 | | Carlson Munson Discharge Summary 08/20/07 |
| 3 | | Deleted |
| 4 | | Welfare Check Report 11/04/07 by Hamilton |
| 5 | | Central Dispatch Transcript and Audio of Incident |
| 6 | | Detail Call for Service Reports |
| 7 | | Jason Hamilton Dep Exh 1 (Prior incident report and bulletin) |
| 8 | | Deleted |
| 9 | | Fewins Answer to Complaint |
| 10 | | Drzewiecki Answer to Complaint |
| 11 | | Fewins Policy – Barricaded Subject/Hostage Takers |
| 12 | | House Damage Photos |
| 13 | | MCOLES Warrant Standards |
| 14 | | NMMMTF Warrant Standards |
| 15 | | Sun/Moon Data for 11/01/07 |
| 16a-16zz | | Sgt. Harris, Michigan State Police Investigation Reports and Supplements of Incident 071-0002979-(DB), Photos and Interviews, Diagrams, Drawings |
| 17 | | Jackie Smith 9-1-1 calls transcript/audio |
| 18a, b, c | | Craig Carlson 9-1-1 calls transcript/audio |
| 19 | | Robert Carlson 9-1-1 calls transcript/audio |
| 20 | | Ernest Burwell's CV and Report |
| 21 | | Ann Chamberlain Expert Report, Photos and Diagrams |
| 22 | | Dr. Daniel McCoy Expert Report |
| 23 | | Dr. Gerald Shiener Expert Report |
| 24 | | N. MI Mutual Aid Reciprocal Law Enf Agreement |
| 25 | | Use of Force Policy |
| 26 | | Drzewiecki Interview from MSP Report |
| 27 | | After Action Report by Sgt. Drzewiecki/ Time Line |
| 28 | | Critical Incident Report Policy |
| 29 | | High Risk Warrant Policy of GTSD |
| 30 | | Deleted |
| 31 | | McAuliff Scene Diagram |
| 32 | | Hillborn Scene Diagram |
| 33 | | Sgt Ayling Incident Notes/Time Line |
| 34 | | Carlson House Repair Bills |
| 35 | | Def Fewins Resp to Disc dated 01/02/09 |
| 36 | | All MSP Photos of Interior of Home (delete death photographs) |
| 37 | | Deleted |
| 38 | | Gary Vann, ACSW, letter dated 11/15/07 |

| 39 | | Family Photos of Decedent Produced at Deposition |
|---|---|---|
| 40 | | Poster Dep Exh 1 – Drzwiecki |
| 41 | | Travis Chellis Diagrams |
| 42 | | Toxicology Reports Munson |
| 43 | | FOIA Response to Plaintiff 05/02/08 from TCPD |
| 44 | | Deleted |
| 45 | | 05/02/08 FOIA response from Capt Stephen Morgan |
| 46 | | June 28, 2006 Mutual Aid Rec Law Enf Agreement |
| 47 | | Harold Barr Dep. Exh 1 |
| 48 | | Drzewiecki Dep Exh 2 (Daily Activity Report) |
| 49 | | Drzewiecki Dep Exh 3 (Daily Activity Report) |
| 50 | | Drzewiecki Dep Exh 4 (After Action Report) |
| 51 | | Drzewiecki Dep (Second) Exh 2 (After Action Report) |
| 52 | | Drzewiecki Dep (Second) Exh 3 (11/10/07 Statement) |
| 53 | | Drzewiecki Exh 5 (Notes) |
| 54 | | Fewins Dep (2/25/09) Exh 2 (Mutual Agreement) |
| 55 | | Fewins Dep (2/25/09) Exh 3 (ERT Policies) |
| 56 | | Fewins Dep (12/15/09) Exh 1 (Detail Call for Service) |
| 57 | | Fewins Dep (12/15/09) Exh 4 (Sheriff dept. Policies for ERT) |
| 58 | | Deleted |
| 59 | | Deleted |
| 60 | | Fewins Dep (12/15/09) Exh 7 (ERT Team policy) |
| 61 | | Fewins Dep (12/15/09) Exh 8 (ERT Barricaded Subject policy) |
| 62 | | Fewins Dep (12/15/09) Exh 9 (Use and Assignment of the ERT policy) |
| 63 | | Jason Hamilton Dep Exh 3 |
| 64 | | Jason Hamilton Dep Exh 4 |
| 65 | | Deleted |
| 66 | | Deleted |
| 67 | | Deleted |
| 68 | | Hillborn Dep Exh 1 |
| 69 | | Hillborn Exh 7 (Photo of MSP) |
| 70 | | Deputy Sillers Dep Exh 1 (Incident Report) |
| 71 | | Chief Michael Warren, TCPD Dep Exh 3 (ERT Agreement) |
| 72 | | Undersheriff Alger Dep Exh 1 (Incident reports) |
| 73 | | Undersheriff Alger Dep Exh 4 (911 call transcripts) |
| 74 | | Undersheriff Alger Dep Exh 7 |
| 75 | | Undersheriff Alger Dep Exh 14 |
| **76** | | **Family Photos** |
| **77** | | **Charter Call Logs** |

Dated:  July 20, 2018

s/Grant W. Parsons
Parsons Law Firm PLC
Attorney for Plaintiff
520 S. Union, P.O. Box 1710
Traverse City MI  49685-1710
(231) 929-3113
info@parsonslawfirm.net
P38214

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

ROBERT CARLSON, Personal
Representative of the ESTATE OF
CRAIG CARLSON,

        Plaintiff,

                                   HON. PAUL MALONEY.
                                   CHIEF U.S. DISTRICT COURT JUDGE

v

                                   FILE NO. 1:08-CV-991

    GRAND TRAVERSE COUNTY,

        Defendant,

_____/

Grant Parsons (P38214)          Christopher K. Cooke (P35034)
PARSONS LAW FIRM PLC         NEUMANN LAW GROUP
Attorney for Plaintiff            Attorney for Defendant County
520 S. Union Street P.O. Box 1710    300 Front Street, Ste 445
Traverse City, MI  49685-1710      Traverse City, MI 49684
(231) 929-3113                (231) 221-0050

_____/

## DEFENDANT GRAND TRAVERSE COUNTY'S AMENDED WITNESS AND EXIBIT LIST

**Defendants County,   Proposed Exhibits: [use letters]**

| EXHIBIT | DESCRIPTION OF EXHIBIT |
|---------|------------------------|
| A | 5 Overhead Google Maps of Carlson residence |
| B | 21 photographs of Carlson residence from MSP Photographs |
| C | 911 Recording, Jackie Smith calls |
| D | 911Recording, Robert Carlson calls |
| E | 911 Recording, Craig Carlson calls |
| F | Bushmaster Assault Rifle |
| G | Tech 9 weapon |
| H | Pistol in rear pocket |

| | |
|---|---|
| I | Second pistol in rear pocket |
| J | Taped together ammunition banana clips |
| K | Prepaid funeral documents from Reynolds-Jonkhoff Funeral Home |
| L | Note by Craig Carlson identifying Jackie Smith as contact person to handle post death issues |
| M | Handwritten note by Craig Carlson bequeathing property to family members (Bates nos 0020, 0021) |
| N | Note containing combination to safe |
| O | Spent casings from tear gas application |
| P | Select documents from Ernest Burwell Employment File |
| Q | Critical Incident Response Policy, Grand Traverse County Sheriff's Office, June 20, 2002 |
| R | Northern Michigan Mutual Aid "Barricaded Subject/Hostage Takers Policy |
| S | EXEMPLAR THROW PHONE |
| T | EXEMPLAR AR-15 (DEMONSTRATIVE ONLY) |

**For Defendants Fewins, County:**

A.  Justin Revnell, c/o Defense counsel, will be called.

B.  Marty McManus, c/o Defense counsel, will be called.

C.  Mike Opper, (by reading his testimony from the first trial, Mr. Opper is now a teacher in China), will be called.

D.  Bob Sillers, (live or by reading his testimony from the first trial) c/o Defense counsel.

E.  Scott Fewins, c/o defense counsel, will be called.

H.  Steve Drzewiecki, c/o Gretchen Olsen, Plunkett Cooney, will be called.

I.  Greg McManemy, Grand Traverse County Sheriff's Department, will be called.

J.  Michael Ayling c/o defense counsel, will be called.

K.  Al Schneider, Williamsburg, MI, may be called.

L.  Nate Alger, Grand Traverse County, may be called.

M.  Joseph Dupuie, Kalkaska County Sheriff's Department, 605 N. Birch Street, Kalkaska, MI 49646, may be called.

N.  Pat Andressen, 911 dispatcher, Grand Traverse County, c/o Defense counsel, will be called.

O.  Jim Danek, Grand Traverse County, c/o Defense counsel, will be called

P.  Randy Fewless, Grand Traverse County, c/o defense counsel, may be called.

Q. Mark Harris, Michigan State Police, Traverse City, MI, may be called.

R.  JEREMY MCAULIFFE

S. RYAN FINSTROM

**Note, all these witnesses testified in the first trial, other than witnesses K. and L. and reference it made to that record as to their expected testimony. Witness K, Al Schneider may testify as to his recollection of discussions he had with Sheriff Fewins on the night of the incident.  Witness L may testify regarding his duties and observations at the scene and discussions overheard between Al Schneider and Sheriff Fewins.**